## JACOB WEISS vs. LEVERETT ALLING.

*A* held two mortgages on land of *W*, and brought a petition for foreclosure on both. While the petition was pending and *W* was making defence on the ground of certain payments which he claimed to have made, it was agreed between them that a decree should be taken on the first mortgage debt, the part of the petition relating to the second mortgage be stricken out, and the payments be applied on the second mortgage debt. *W* was a foreigner and ignorant of our laws, and of the effect of the foreclosure of the first mortgage in extinguishing his equity of redemption, and allowed the time limited for redemption to expire without redeeming. Upon a petition brought afterwards by *W*, alleging these facts and praying to be allowed to redeem, it was held that he was entitled to the relief sought. [Hinman, C. J., dissenting ]

The majority of the court regarded the conduct of the mortgagor in the circumstances as fraudulent, or grossly inequitable.

BILL to redeem mortgaged premises, brought to the superior court holden in New Haven county. The following facts were found by the court.

On the 27th of April, 1857, Philip Horneck was the owner of the land in question, and on that day mortgaged it to Alling, to secure his note to the latter of $400, payable in installments of $100 per year with interest. On the 7th of July, 1857, he made another mortgage of the same premises to Alling to secure the payment of another note of $200, payable half in six years and the other half in seven years with interest. On the 31st of March, 1858, Horneck conveyed the premises to Weiss the petitioner, subject to the two mortgages; and the petitioner then entered into possession of the premises, and has ever since been in possession. Alling brought a petition against Weiss for a foreclosure upon both the mortgages to the December term, 1865, of the superior court for New Haven county, and also brought an action of ejectment against him to the same term; and while the proceedings were pending before the court, and during the term, Weiss and Alling came together to make a computation of what was due on both the mortgage notes. At that interview it was admitted that sundry payments made before the second mortgage note was due, for which receipts as for money paid generally had been given, had not been indorsed

upon either note, but a dispute arose as to the payment of fifty dollars, which Weiss claimed was made on the 5th day of May, 1860, which was denied by Alling; and it was finally agreed that all the admitted payments should be postponed to be afterwards applied to the second note.  Under this arrangement Alling at the same term took judgment in the action of ejectment by default, and so much of the petition as related to the second mortgage was erased, and a decree on the petition was taken against Weiss for the whole amount due by the first mortgage note, and a decree was passed that if Weiss should fail to pay the amount due on the note, found by the court to be $542.23, and the costs of the petition, $95.61, and the costs in the action of ejectment, $89, on or before the first Monday of April, 1866, he should be barred of all equity to redeem the premises.  On the 29th of March, 1866, and before any computation was made between the parties as to the second note, Alling brought a petition for foreclosure against Weiss on the second mortgage, and claimed that the whole amount of the second note was due.  The suit was brought to the May term of the court, 1866, when the parties appeared, and the cause by continuance came to the October term of the court, when a trial was had, but no decision being announced the cause was continued to the December term of the court, when it was withdrawn by Alling.  The court also found that the payment of $50 was made by Weiss at the time claimed by him, and also that Weiss on the 1st day of November, 1866, tendered to Alling all the sums decreed to be paid him by the court at its December term, 1865, and the interest thereon, and also the costs then accrued on the petition brought to foreclose the second mortgage; the whole amount tendered being $879.25; and that Alling declined, after the time limited to redeem the first mortgage had expired, to make any computation on the second mortgage note, though requested by Weiss; and that Weiss was a foreigner and unacquainted with our laws.

Upon these facts the superior court, (*Pardee, J.,*) granted the prayer of the petition, and the respondent brought the record before this court by motion in error.

*C. Ives* and *Doolittle*, with whom was *Sheldon*, for the plaintiff in error.

1. The failure by Weiss to redeem Alling's first mortgage under the decree of foreclosure obtained by Alling, made Alling's title to the mortgaged premises complete and absolute. The title of Weiss passed by the foreclosure " as effectually as by a judicial sale, because it extinguished all the title he had." The decree closed forever " a door which equity had before left open." *Goodman* v. *White*, 26 Conn., 322. Alling and Weiss were the only persons who had any interest in the mortgaged property at the time of the foreclosure. Both were parties before the court when the decree was passed. There was no third person holding a second mortgage or lien, (as in *Goodman* v. *White*,) whose relations to Weiss could be " forcibly changed by a proceeding to which he was not a party, and of which he might have no notice," (26 Conn., 323,) or through whom Weiss could acquire an outstanding equity. Alling's second mortgage became merged in the title which had been perfected in him under his decree of foreclosure, and there was nothing left for Weiss to redeem. *Lockwood* v. *Sturdevant*, 6 Conn., 373. Had the notes described in the two mortgages been secured by one deed, a foreclosure of that instrument for the non-payment of one of those notes, or even of the interest of one note, would have given the mortgagee a complete title to the mortgaged property. It seems like judicial trifling to hold that the mortgagor has any higher or additional equities because the notes are secured by separate deeds executed at different times.

2. Alling is not estopped from insisting on his foreclosure. His second petition was commenced before it was or could be known whether or not Weiss would redeem the first mortgage within the time limited. Besides it *is* not found as a fact that Weiss has been prevented from redeeming by anything that Alling has done, or that he offered to redeem until November, 1866.

*Wright,*\* for defendant in error.

---

\* *Shelton* was to have argued the case, but was prevented by illness.

1. The petitioner has the right to redeem the second mortgage. An equity of redemption in favor of the mortgagor or his grantee or assignee is an inseparable incident to every mortgage, and cannot be lost or cut off except by his own voluntary act, or by proceedings in foreclosure upon such mortgage and a failure to redeem according to the decree of court. *Goodman* v. *White*, 26 Conn., 317. It is the debt which determines the unity of the mortgage, and equities of redemption are indivisible. *Franklin* v. *Gorham*, 2 Day, 142. Had the second mortgage embraced not only the premises in the first but other lands of the petitioner, the right to redeem such other lands would be unquestionable notwithstanding the foreclosure of the first mortgage as found by the court, and as the equity is indivisible such redemption would reinstate the plaintiff in his equity in the premises contained in the first mortgage.

2. Alling is estopped by his agreement and conduct from denying the right of Weiss to redeem the second mortgage. *Brown* v. *Wheeler*, 17 Conn., 345 ; *Roe* v. *Jerome*, 18 id., 138 ; *Dyer* v. *Cady*, 20 id., 563 ; *Cowles* v. *Bacon*, 21 id., 451. His whole conduct since he took judgment in the action of ejectment and a decree upon the first mortgage is in fraud of the agreement whereby Weiss consented to such judgment and decree.

PARK, J. It is unquestionably true in ordinary cases, that where *A* holds two mortgages upon the same land and *B* owns the equity of redemption, a foreclosure of one of the mortgages will extinguish *B's* equitable interest in the premises.

And it is equally true that *A* may so conduct toward *B* that the latter will be entitled to equitable relief against such a result. As if *A* should say to *B*, after the decree of foreclosure was passed and before the time limited for redemption had elapsed, that he might pay the mortgage debt after the time limited had expired, and no advantage should be taken of the decree, and *B* should in consequence suffer the time to expire without paying the debt. Or if *A* should obtain his

decree by fraud, or after he had obtained it should deceive *B* in relation to the time limited for redemption, and *B* should in consequence fail to redeem. In these cases a court of equity would allow *B* to redeem if he should bring a petition for the purpose, and had not impaired his equitable rights by any negligence or acquiescence, and the rights of third parties had not intervened. A party must not only come with clean hands into a court of equity, but he must deal in good faith with the court, as well as with his adversary, in order to obtain a decree that shall preclude any further relief to the party against whom it is rendered.

In the case under consideration a majority of the court are of the opinion that the respondent obtained his decree by fraud, or by conduct grossly inequitable to the petitioner, and in either case the petitioner should have the right to redeem the premises notwithstanding the foreclosure.

While the case was pending in court and at the term in which the decree was passed, the respondent agreed with the petitioner that certain payments that had been made by the petitioner, but which had never been applied by the respondent in part payment of either of the notes, should be applied to the note secured by the second mortgage.

Up to this time the petitioner had defended in the suit. His defense consisted in efforts to reduce the claim of the respondent. The respondent was desirous to avoid his defence and obtain a decree for the full amount of the first mortgage claim. In this state of things it was agreed that the payments that had been made should apply to the second mortgage debt, and that the petitioner should disappear in the suit, and suffer the respondent to obtain a decree for the full amount of the first mortgage claim. In consequence of the agreement the petitioner abandoned his claim to have the payments apply to the first mortgage debt, withdrew his defense, and suffered the respondent to take his decree for the full amount of the first mortgage claim.

After the decree was passed the respondent refused to fulfill his agreement, brought a petition to foreclose the second

mortgage, and claimed the full amount of the note. The conduct of the respondent in this transaction should deprive him of all benefit resulting from his decree. He never intended to fulfill his agreement at the time it was made, but adopted that course to gain advantage over an ignorant and confiding foreigner.

He also gave the petitioner to understand that he should have the right to redeem the premises when a petition should be brought to foreclose the second mortgage, for it seems that it was a part of the agreement that the respondent should erase from his petition so much as referred to the second mortgage, and that all the rights of the parties should finally be determined in a petition thereafter to be brought.

The respondent brought such petition when the time limited for redemption in his decree was on the eve of expiring, and prosecuted his claim long after he had full title to the premises, if his foreclosure was of any avail. Under all these circumstances we think the petitioner still has the right to redeem the premises. *Brown* v. *Wheeler*, 17 Conn., 345 ; *Roe* v. *Jerome*, 18 id., 138 ; *Dyer* v. *Cady*, 20 id., 563 ; *Cowles* v. *Bacon*, 21 id., 451.

There is no error in the decree complained of.

In this opinion McCurdy, J., concurred ; Hinman, C. J., dissented ; Butler and Carpenter, Js., did not sit.